Dear Mayor Bourgeois:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility to asphalt streets in a subdivision in the corporate limits of the Town of Slaughter. You indicate this development began with a property owner who lost the property in 1986 to the bank, and a developer handled the sales for the bank. The sale of the lots began with the promise of asphalting the streets within a year and a half. The residents petitioned the town officials to asphalt their streets, and were told the town could not afford it, but advised they would put down limestone, but recommended they see the police jury. In 1998-1999 the residents brought legal action against the developer only to find out that the statute of limitations had run out. They now feel it is the town's responsibility to asphalt their streets.
You ask the following questions:
 1. Do we have to assume responsibility for surfacing these streets although finances will not allow spending the monies it would cost to asphalt these streets?
 2. A special newsletter was written and distributed with the help of a citizen from this subdivision by one of the alderman, and this newsletter stated he had asked for funds for this subdivision's streets, and the mayor and board had agreed. However, the other board members and I had no prior knowledge of this letter, nor had the request been voted on. Was this legal, unethical or simply inappropriate?
 3. One council member motioned and another offered a second to transfer funds into an account as matching funds for monies he hopes to get appropriated through the Federal Government. These funds are to be titled for use on these subdivision's streets only. Since we are governed by provisions of the Lawrason Act any appropriation of funds must be done by ordinance. Is it legal for the board to have done this by motion only and not by ordinance? The motion carried 2-1.
 4. Is there a difference in the use of the words dedicate, designate, or appropriate in reference to funds and whether you must act by motion, resolution, or ordinance depending on which word is used?
 5. If this designation of funds is deemed illegal, what course of action should be taken to rectify this situation?
 6. If this action was illegal would it affect monies that could become available from State or Federal grants or appropriation for asphalting these streets?
 7. Is it legal and/or ethical for an alderman to vote on this issue if his or her sibling resides in this subdivision? The upgrading of the streets would increase their property value, therefore benefiting the sibling through his action.
 8. As mayor, I transferred $25,000.00 from an interest bearing account to another interest bearing account for the purpose of beginning a savings for streets in general. Is my interpretation of point nine on page six of the
 Lawrason Act giving me authority to take this type of action correct?
We note in accordance with R.S. 33:3301 municipalities "may" pave, surface, resurface, with concrete, cement, asphalt, brick, gravel, stone, shell or any paving material, streets within their corporate limits, may levy and collect local or special assessments on the real property abutting the improvements sufficient in amount to defray the total coast of the works provided all such work shall be done under R.S.38:2211, "Letting Contracts".
Similarly, R.S. 33:3331 provides, upon the written petition of not less than sixty percent of the residents abutting real estate owners in number and assessed valuation on the street or alley, any municipality, the city of New Orleans excepted, may improve the streets and alleys or any part of them one block or more in length within its corporate limits and may levy and collect special taxes or local assessments on the property abutting the street or alley to be improved for the purpose of defraying the entire cost of the improvement. R.S. 33:3332 then provides, "The entire cost of the improvement shall be paid by the owners of the real estate abutting upon the street * * *."
We find in accordance with the last census that the Town of Slaughter had a population of 1011, and R.S. 33:3401 provides that municipalities exceeding 1000 may pave or otherwise improve the streets not less than one block in length within the corporate limits "and may levy and collect special taxes or local assessment on the real estate abutting the street" to defray the cost. It then provides in R.S. 33:3402 that the owners of real estate abutting the street to be improved "shall pay two thirds of the entire costs of the improvement in proportion to the respective frontages of the abutting property." The latter statute further provides if the owners of property abutting any street desire to initiate the construction they may petition, signed by more than one-half of owners and one-half the assessed valuation the governing authority to construct the desired improvement, "in which case the total cost of the improvement shall be apportioned as follows: * * * the municipality shall pay of the total cost, the proportion that the net area of the intersection bears to the total area of the street or alley to be improved * * ", and "the abutting property owners shall pay for the balance of the cost of the paving or other improvement as herein provided in proportion to the respective frontages of the properties owned by them."
We find in accordance with the statutes referred to hereinabove, you do not have to assume the responsibility for surfacing the streets in question although upon a petition as required by the statutes you may be obliged to participate in the cost.
In regard to the consequences for incorrect information in a newsletter from one of the aldermen, we find this would be a question of fact that we cannot determine. However, it should be recognized that to be unprotected speech, the statement must constitute libel or defamation which requires proof of (1) the falsity of the assertion, (2) malice or reckless disregard for the truth in its assertion, and (3) damage. Atty. Gen. OP. 90-270.
In response to your inquiry whether one council member could transfer funds into an account by motion that was seconded in hopes of matching federal funds to be used on these subdivision streets by passing of a motion, we assume these are funds in the annual operating budget to be transferred. This would constitute an amendment of the budget, and would require an ordinance. This office has stated, "Further, the adoption of a municipal budget does not also authorize automatic expenditures. Every expenditure requires an appropriation, and every warrant for the withdrawal of funds from the municipal treasury requires a specific ordinance." Atty. Gen. Op. 00-355.
We find no difference in the use of the words dedicate, designate, or appropriate in reference to municipal funds, and as stated above, matters of funding from the budget must be by ordinance, and an ordinance properly adopted would be necessary to amend distribution of the budget.
Until there is a proper appropriation this could affect monies that could become available from State or Federal grants if such funds are contingent upon the appropriations by the local government. However, we cannot definitively answer your inquiry in regard to affects of monies that could become available since this is speculative, and there would have to be a more specific designation.
With regard to your question whether it is legal or ethical for an alderman to vote on this issue inasmuch as a sibling resides in this subdivision, and the upgrading of the streets would increase the property value, we cannot consider a question of ethical behavior, and we do not find any statutory provisions to support a conclusion there is any illegal action by voting on the issue. We recognize in the Code of Governmental Ethics that it is provided in R.S. 42:1112 that no public servant shall participate in a transaction involving the government entity in which any member of his immediate family "has a substantial economic interest", but we do not find asphalting the street where his brother has property is "a substantial economic interest". Moreover, in Atty. Gen. Op. 80-563 this office concluded that the alderman-wife could vote upon the pay raise for the employee-husband pursuant to the provisions of R.S. 42:1120. However, we would recommend to contact the Louisiana Board of Ethics, 8401 United Plaza Blvd., Baton Rouge, La.,
Atty. Gen. Op. 92-113 recognizes your authority to transfer funds from one interest bearing account to another to begin a savings for streets in general. With reliance upon the provisions of R.S. 33:404 it was concluded that investment of town monies is a function that falls within the day to day operations of the town, the administration of which rests with the mayor. You have the responsibility to supervise and direct the administration of all municipal departments, to sign all contracts on behalf of the municipality, and "perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law."
We hope that this response sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By:_______________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr